UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

John Conteh
A 73 630-730
    Petitioner

v.

Bruce Chadbourne - ICE,
Sheriff Plymouth Jail.
    Respondent

05 11724 NG
Referred to MJ JLA____

## Petition for a Writ of Habeas Corpus Pursuant to 28 USC § 2241

Petitioner, John Conteh, hereby petitions this Court for a writ of Habeas Corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, petitioner alleges as follows:-

1. Petitioner, John Conteh, is an asylee of the United States, and a native of Sierra Leone.

2. Petitioner John Conteh was ordered deported on February 14, 2005 see Final Order of Deportation.

3. Petitioner John Conten has been in immigration custody for over 4 years now, including the six months after the final order of deportation.

4. Plymouth County Jail contracts with Bruce Chadbourne to house immigration detainees such as petitioner and are based within the jurisdiction of this court.

5. Petitioner has exhausted all his administrative remedies to the extent required by law and his only remedy is by way of this judicial action.

6. The respondent has petitioners travelling papers, but continues to detain him.

7. In Zadvydas, the Supreme Court held that 8 USC § 1231(a)(6), when "read in light of the constitution's demand, limited an aliens post-removal period detention to a period reasonably necessary to bring about aliens removal from the United States". Id 121 S.Ct at 2498. A habeas court must ask whether the detention in question exceeds a period reasonably necessary to ~~serve~~ secure removal id at 2504. If the individuals removal is not reasonably foreseeable the court should hold continued detention unreasonable and no longer authorized by "statute" id.

8. The respondent has petitioners travelling

PAPERS, AND YET CONTINUES TO DETAIN PETITIONER FOR OVER 4 YEARS NOW.

WHEREFORE, PETITIONER PRAYS THAT THIS COURT GRANT THE FOLLOWING RELIEF:

(1) ASSUME JURISDICTION OVER THIS MATTER

(2) GRANT PETITIONER A WRIT OF HABEAS CORPUS PURSUANT TO ZADVYDAS v DAVIS DIRECTING THE RESPONDENTS TO IMMEDIATELY RELEASE THE PETITIONER FROM CUSTODY.

(3) GRANT ANY OTHER & FURTHER RELIEF WHICH THIS COURT DEEMS JUST AND PROPER.

DATED: 17th AUGUST, 2005
PLYMOUTH, MA. 02360

RESPECTFULLY SUBMITTED,
JOHN CONTEH #30635
PCCF,
26 LONG POND ROAD,
PLYMOUTH, MA. 02360

Copy MAILED TO:
BICE
JFK BUILDING, 17th fl.
15 NEW SUDBURY STREET,
BOSTON, MA. 02203

U.S. Department of Justice

Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia  22041

File:  A73 630 730 [1] - Boston             Date:

In re: JOHN CONTEH

FEB 1 4 2005

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   William P. Joyce, Esquire

CHARGE:

    Notice:  Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                     Convicted of aggravated felony under section 101(a)(43)(K), I&N Act
                     [8 U.S.C. § 1101(a)(43)(K)] (withdrawn)

    Lodged:  Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                     Convicted of aggravated felony under sections 101(a)(43)(M) and (U).
                     [8 U.S.C. §§ 1101(a)(43)(M), (U)]

APPLICATION:  Withholding of removal

    This case was last before this Board on February 10, 2003, when we remanded the record to the Immigration Judge for further proceedings to determine whether the respondent's aggravated felony conviction was for a particularly serious crime which barred him from establishing his eligibility for withholding of removal. In a decision dated June 30, 2004, the Immigration Judge determined that the respondent's conviction was not for a particularly serious crime and found him eligible to seek withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3). He then concluded that the respondent failed to meet his burden of proof in showing that he would more likely than not be persecuted in Sierra Leone on account of a protected ground and denied his request for such relief. The respondent appeals from that decision. [2]  The appeal will be dismissed.

---

[1] We note that some items in the record of proceedings, including the most recent Immigration Judge's decision, incorrectly refer to the respondent's alien registration number as "76 630 730."

[2] The respondent is represented by counsel on appeal to this Board. He and his attorney have both filed appellate briefs for our consideration. As there has been no showing that counsel has sought withdrawal of his representation of the respondent, we will address those arguments raised by counsel in his brief. *See* 8 C.F.R. §§ 1003.38(g); 1292.4 (2004)

A73 630 720

On appeal the respondent challenges not only the denial of the request for withholding of removal, but he also contests the alleged improper termination of his asylum status, the prior finding that he is convicted of an aggravated felony, as well as the denial of protection under the Convention Against Torture.

We find no abuse of discretion in the Immigration Judge's termination of the respondent's asylum status. Exhs. 1, 3, 13; Tr. at 118, 123-128; *see* 8 C.F.R. § 1208.24(f) (2004) (termination of grant of asylum may occur at any time after the alien has been provided a notice of intent to terminate and may occur in conjunction with a removal proceeding); *Matter of K-A-*, 23 I&N Dec. 661, 664-666 (BIA 2004) (Immigration Judge may defer termination of asylum status after consideration of applications for relief but is not required to do so). We also uphold the Immigration Judge's finding that the respondent has been convicted of an aggravated felony. The record reflects that the respondent was convicted on July 24, 2000, in the Southern District of New York of, *inter alia*, conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. We reject the respondent's arguments on appeal that the failure to convict on the underlying offense of bank fraud suggests that there was no loss to the victim. *See Matter of Onyido*, 22 I&N Dec. 552, 554-55 (BIA 1999) (conviction for attempt to defraud under Indiana statute does not require actual loss to victim, only an attempt to incur such loss); *Kamagate v. Ashcroft*, 385 F.3d 144, 152-53 (2d Cir. 2004) (when there is no dispute that the alien has been convicted of criminal conspiracy, the conspiracy to utter or possess counterfeit securities is an aggravated felony as long as the substantive crime that is the conspiratorial objective qualifies as an aggravated felony).

We find in applying a modified categorical approach to the conviction that the evidence of record which includes the indictment, the record of conviction and sentence, the pre-sentencing report, and the respondent's admissions, shows that in the instant case the conviction for conspiracy to commit bank fraud resulted in a loss to a victim or victims in an amount over $10,000. *See* Exh. 4 at 1, 5 (total amount of loss is separated from amount of restitution and unequivocally demonstrates an amount greater than $10,000); Exh. 5 (alien convicted of Count I which contains overt acts showing loss to victims greater than $10,000); Exh. 14 at 5-7 (pre-sentencing report discusses amount of loss to victims); Tr. at 218-37 (alien's testimony regarding his involvement in the conspiracy and admits depositing fraudulent check over $20,000 and withdrawing funds); I.J. Dec. Oct. 1, 2002, at 2-5. We therefore conclude that in the instant case the conviction for conspiracy to commit bank fraud constitutes an aggravated felony in violation of sections 101(a)(43)(M), (U), of the Act, 8 U.S.C § 1101(a)(43)(M), (U). *See also Monroe v. Ashcroft*, 353 F.3d 225 (3d Cir. 2003) (amount of loss to victims considered, not the amount of restitution, when the restitution amount modified to less than $10,000 to avoid immigration consequences of the conviction); *Khalayleh v. INS*, 287 F.3d 978 (10th Cir. 2002) (alien convicted of federal bank fraud is an aggravated felon); *cf. Li v. Ashcroft*, 389 F.3d 892 (9th Cir. 2004) (lack of admission by alien and failure to include the jury verdict form, jury instructions or other evidence to show that alien's conviction demonstrated a loss of more than $10,000).

2

A73 630 730

We observe that the Immigration Judge, on remand, reinstated the respondent's claim for withholding and deferral of removal under the Convention Against Torture (Tr. at 261). However, the record reflects that prior counsel for the respondent, with the respondent's consent, withdrew his request for protection under the Convention Against Torture, and limited his initial appeal to his eligibility for withholding of removal. I.J. Oct. 1, 2002, at 4; "Respondent's Request to Withdraw Application for Protection Under the Convention Against Torture;" Tr. at 186-87; 332-33; see Tr. at 401-02; see also Maindrond v. Ashcroft, 385 F.3d 98, 100 (1st Cir. 2004) (alien failed to raise Convention Against Torture claim on appeal to this Board); see also Mendes v. INS, 197 F.3d 6, 12 (1st Cir. 1999) (failure to raise burden of proof issue before Board precluded such challenge in a petition for review). Thus, we do not find that the respondent's application for protection under the Convention Against Torture should have been considered. Even if the Immigration Judge had properly reinstated the application for such protection, the respondent failed to present evidence that it was more likely than not that he would be tortured in Sierra Leone.

We further find that the Immigration Judge properly denied the respondent's request for withholding of removal to Sierra Leone. The Immigration Judge found the respondent to be credible. However, he determined that the background evidence of country conditions fails to support the respondent's present claim that it is more likely than not that he would be persecuted on account of his political opinion or membership in a particular social group if removed to Sierra Leone. We agree with the Immigration Judge's assessment of the evidence, and his conclusion that the respondent has failed to carry his burden of proof. The respondent has not shown that the current government of Sierra Leone would more likely than not persecute him on account of his prior political protests or activities as a student in the former Soviet Union, or his family member's past political involvement. We disagree with the respondent's contention that the burden shifted to the Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) to show a fundamental change in circumstances as the respondent has never established past persecution. See 8 C.F.R. § 1208.16(b)(1)(ii) (2004). The respondent was never arrested or harmed when he lived in Sierra Leone, and any threats against him were made prior to the civil war and by themselves do not amount to past persecution. We do not find a sufficient nexus among the respondent's prior political actions as a student in the Ukraine in 1992, his father's disappearance in 1995 and earlier imprisonment under prior governments, and his uncle's execution following a coup attempt in 1974, with the respondent's fear of future harm by the current government in Sierra Leone.

The respondent claims to have been politically active while in the United States; however, he has not shown that the current government knew, or had reason to know, of his activities in this country. Moreover, the respondent has not shown that anyone in the present Sierra Leonean government is interested in him, or has threatened him, or that persons similarly situated to him should fear for their life or freedom. See 8 C.F.R. § 1208.16(b)(2) (2004). The respondent claims that the same people who ruled in the prior government are now in power in the new government and will harm him because of his familial ties and his political activities. We recognize that the respondent has a subjective fear of harm, and has previously established a well-founded fear of persecution under the prior government. However, we agree with the

3

A73 630 73)

Immigration Judge that the respondent has not shown that it is more likely than not that he will be persecuted on account of a protected ground based on the current country conditions. We therefore affirm the Immigration Judge's decision to deny withholding of removal.

The respondent has also demonstrated that his wife has filed for naturalization and that she has submitted a visa petition on his behalf as the spouse of a lawful permanent resident. The respondent asserts that he may be eligible to adjust his status in conjunction with a waiver of his inadmissibility. However, the respondent has not established prima facie eligibility for adjustment of status, as there is no visa currently available to him and he has not otherwise provided evidence that comports with the requirements for a remand under 8 C.F.R. § 1003.2(c)(4) and *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002). For the foregoing reasons, the appeal is dismissed.

ORDER: The appeal is dismissed.

_____
FOR THE BOARD