UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CONTEH, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 05cv11724-NG |
| ) | |
| BRUCE CHADBOURNE, ET AL. ) | |
| ) | |
| Respondents[1] ) | |

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND NOTICE
OF INTENT TO EXECUTE REMOVAL ORDER ON **OCTOBER 5, 2005**

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Sierra Leone presently detained by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE") pending execution of his final order of removal. His petition to this Court asserts unlawfully prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

However, because petitioner's removal to Sierra Leone is now

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

scheduled for **OCTOBER 5, 2005**,[2] petitioner's removal is now "reasonably foreseeable", as required by the Supreme Court, and petitioner fails to state a claim upon which relief may be granted. Zadvydas v. Davis, et al., 121 S. Ct. at 2505.

## ARGUMENT

I.  BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **OCTOBER 5, 2005**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner raises no challenge to his removal order, but instead complains about the length of his detention by respondent awaiting the completion of necessary arrangements for petitioner's removal. However, because petitioner's removal is now scheduled for **OCTOBER 5, 2005**, petitioner fails to state a colorable claim of unlawful detention. See Attachment A, Declaration of Chief Immigration Enforcement Agent James Brown.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

---

[2] See Attachment A, Declaration of Chief Immigration Enforcement Agent James Brown.

>sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), aff'd 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

>The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, petitioner is now scheduled for removal to Sierra Leone on **OCTOBER 5, 2005**.  See Attachment A. Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future" and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's removal scheduled for **OCTOBER 5**, **2005,** as directed by this Court's Order dated August 23, 2005.

**CONCLUSION**

For all the reasons set out above, the petition should be dismissed and all other relief denied.

```
                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                          By:   s/Frank Crowley
                                FRANK CROWLEY
                                Special Assistant U.S. Attorney
                                Department of Homeland Security
                                P.O. Box 8728
                                J.F.K. Station
                                Boston, MA 02114
                                (617) 565-2415
```

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on September 8, 2005.

                                s/Frank Crowley
                                FRANK CROWLEY
                                Special Assistant U.S. Attorney
                                Department of Homeland Security
                                P.O. Box 8728
                                J.F.K. Station
                                Boston, MA 02114

ATTACHMENT A

## DECLARATION OF CHIEF IMMIGRATION
## ENFORCEMENT AGENT JAMES BROWN

Pursuant to the authority of 28 U.S.C. § 1746, I, JAMES BROWN, Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE"), declare as follows:

1. I am the Chief Immigration Enforcement Agent at the Boston, Massachusetts, office of the Bureau of Immigration and Customs Enforcement of the United States Department of Homeland Security ("ICE").

2. Included in my official duties as a Chief Immigration Enforcement Agent is the responsibility for supervising and monitoring the execution of orders of removal and deportation.  This responsibility relates to the process of confirming the existence of the necessary authorizations, or "travel documents", issued by foreign governments for the return of removable aliens to their respective home countries, and to the process of confirming the scheduling of the execution of removal orders by aircraft.

3.   As a Chief Immigration Enforcement Agent in Boston, I am familiar with the process for travel document issuance by the various foreign governments, and with the day to day mechanisms of scheduling execution of and executing removal orders.

4. At the request of Special Assistant United States Attorney Frank Crowley, I have examined the administrative records available to me of efforts to enforce the final administrative removal order in the case of John CONTEH, Administrative File No. A73 630 730. Upon review of the records available to me as a Chief Immigration Enforcement Agent, I confirm that John CONTEH has now been scheduled for removal from the United States on **October 5, 2005.**

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on: 9.7.05
Date                              Signature

JAMES BROWN
Chief Immigration
Enforcement Agent
U.S. Dept. Homeland Security
Bureau of Immigration & Customs
Enforcement
Boston, Massachusetts