# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JOHN CONTEH,

    Petitioner

    v.

BRUCE CHADBOURNE, et al.

    Respondents

CIVIL ACTION NO.

05 CV 11724 - NG

PETITIONER'S RESPONSE TO RESPONDENTS MOTION TO DISMISS AND NOTICE OF INTENT TO EXECUTE REMOVAL ORDER ON OCTOBER 5, 2005

## - INTRODUCTION -

Petitioner is challenging the lawfulness of his detention by the Department of Homeland Security Immigration and Customs Enforcement (ICE) within the Boston ICE District. The Petitioner received a final order of removal on 14th February 2005. His ninety-day statutory removal period under the relevant statute, 8 USC § 1231(a)(6), expired on May 14th, 2005.

THE PETITIONERS CASE IS CONTROLLED BY ZADVYDAS V. DAVIS, 533 U.S. 678, 121 S.Ct. 2491 (2001), IN WHICH THE SUPREME COURT RULED THAT INDEFINITE DETENTION IS NOT AUTHORIZED BY STATUTE WHERE THERE IS NO SIGNIFICANT LIKELIHOOD OF REMOVAL IN THE REASONABLE FORESEEABLE FUTURE.

PETITIONER'S REMOVAL IS NOT REASONABLY FORSEEABLE IN THE FUTURE AS THE PETITIONERS HOME COUNTRY DO NOT ACCEPT BACK PEOPLE WHOM THE UNITED STATES HAS RECOGNIZED AS REFUGEES AND GRANTED ASYLUM. SUCH IS PETITIONERS CASE, HE WAS GRANTED ASYLUM BY THE UNITED STATES SEE ATTACHMENT A.

THE OCTOBER 5, 2005 SCHEDULE DATE IS OUTRIGHT FALSEHOOD, AS THE RESPONDENT IS NOT IN POSSESSION OF ANY TRAVELLING DOCUMENT FOR PETITIONER, AND HIS HOME COUNTRY WILL NOT ISSUE ONE IN THE FUTURE. THE RESPONDENT HAS BEEN PROMISING PETITIONERS REMOVAL SINCE APRIL 20, 2005, THE LATEST FALSEHOOD WAS ON AUGUST 11th, 2005, WHEN PETITIONER WAS PROMISED AGAIN THAT HE WILL BE REMOVED IN SEPTEMBER 2005. WITHOUT TRAVELLING DOCUMENTS, THE PETITIONER COULD NOT BE REMOVED AND THERE IS NO LIKELYHOOD THAT THE WILL BE REMOVED IN THE NEAR FUTURE, THE INTENT IS THERE, BY THE RESPONDENT, BUT PETITIONER IS NOT REMOVABLE IN THE NEAR FUTURE OWNING TO THE FACT THAT THE UNITED STATES AS RECOGNIZED PETITIONER AS A REFUGEE BY GRANTING HIM ASYLUM.

IF THE RESPONDENT IS NOT TRUTHFUL TO HIMSELF BY CLAIMING THAT PETITIONER HAS BEEN SCHEDULED FOR REMOVAL IN SEPTEMBER, 2005, WHEN INFACT IT IS NOT TRUE, HOW COULD HE SCHEDULE REMOVAL WHEN THERE IS NO TRAVELLING DOCUMENT AND THE GOVERNMENT WILL NOT ISSUE ONE. PEAT SEE EXHIBIT B. PETITIONER IS NOT REMOVABLE NOW, NOR IN THE NEAR FUTURE, THUS IMMEDIATE RELEASE IS WARRANTED. PETITIONER HAS A SERIOUS MEDICAL CONDITION THAT IS EXACERCEBATED DUE TO HIS PROLONGED DETENTION BY RESPONDENT NOW OVER FOUR YEARS NOW, IMMEDIATE RELEASE TO SEEK MEDICAL HELP IS WARRANTED, AS ANY SECOND IN DETENTION CAUSES IRREPARABLE DAMAGE TO PETITIONER WHICH ALL THE MONIES IN THE WORLD WILL NOT COMPENSATE FOR, AND RESPONDENT DONT WANT TO PROVIDE BECAUSE PETITIONER IS AN ALIEN WITHOUT ANY RIGHTS, INCLUDING MEDICAL TO RECEIVE. IMMEDIATE RELEASE IS WARRANTED TO SEEK PULMONARY HELP ~~NOW~~ YESTERDAY, OR GUARANTEE THAT ANY DETERMINATION THAT WILL BE MADE BY A MEDICAL DOCTOR RESULTING FROM PETITIONERS CONTINUED DETENTION, ~~FOR REFUSAL~~ RESULTING IN IRREPARABLE DAMAGE TO PETITIONERS HEALTH WILL BE COMPENSATED FOR ACCORDING TO ALL INTERNATIONAL STANDARDS APPLICABLE TO AMERICAN CITIZENS.

## STATEMENT OF FACTS

Petitioner's case stems from a conviction and acquittal in the Southern District of New York by a jury on 9th December, 1999.

Since the Real ID Act of 2005 has strip till district courts of jurisdiction to review deportation cases and transfered jurisdiction to the Appeals Court, Petitioner will briefly state the facts in this case.

In August 1998, a four count indictment (98-CR-876) was returned by a grand jury charging conspiracy, and violation of 18 USC § 1344, violation of 18 USC § 513(a).

After a three day trial, the jury returned a not guilty verdict of violating 18 USC § 1344 and not guilty verdict of violating 18 USC § 513(a), the substantive offenses to the conspiracy, all defendants were acquitted. However, the jury convicted Petitioner on the conspiracy count.

Through out Petitioners case over 2 years, Petitioner was out on a Personal Recognizance, even after he was convicted on December 9th, 1999, he was still granted bond. When Petitioner was sentence, he was again granted bond and order to self surrender to the U.S. Marshall within months, which Petitioner did without any problem, Petitioner served 10 months and two weeks in jail till

4                                        05CV11724-NG

July 25th, 2001. Petitioner has been in custody since. When this court orders Petitioners immediate release for medical and not foreseeable removability, petitioner will show up at any time, place set by the respondent for removal. Petitioner has demonstrated compliance in the past.

Petitioners case is currently pending before the First Circuit for review as to "whether a jury not guilty verdict can ever be a basis for deportation. See Conteh v. Gonzales, No. 05-1282 (2005).

Petitioner did not ask for a stay because that will prolong his detention without medical treatment, and the Respondent had ~~argue~~ argue successfully under the Hon. Judge Zobel that the District Court was without jurisdiction to consider my release while petitioner has not administratively exhausted the process.

Petitioner has exhausted all administrative processes, and the only remedy is this judicial action, without immediate release yesterday, petitioner will continue to suffer irreparable damage which no money could remedy.

Statement of Law Applicable to Petitioners Custody Status

On June 28, 2001, the Supreme Court held in Zadvydas v. Davis, supra, that Immigration and Nationality Act (INA) § 241(a), 8 USC § 1231(a), authorizes the then-INS to

detain an individual with a final order of removal only for a period reasonably necessary to carry out that person's removal from the United States. Zadvydas, 121 S.ct. at 2504. In particular, ICE may detain an alien while it carries out his removal for a ninety-day period after the removal order becomes administratively final. INA § 241(a).

The Supreme Court further held in Zadvydas that six months is a presumptively reasonable period of time to effect removal. See also 8 CFR § 1241.13(b)(2)(ii).

Under Zadvydas, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 121 S.ct. at 2503. In such cases, "the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances..." Id at 2504.

In response to Zadvydas, the Attorney General issued interim administrative regulations in November 2001. See 8 CFR §§ 1241.13 – 1241.14 (2001). The interim regulations instruct ICE to first consider release requests from persons with a final order of removal under the existing 8 CFR § 1241.4 custody review procedures. Those procedures call for the local district director to conduct a detainee's initial review, then refer the detainee's case to ICE Headquarters Post-Order Detention Unit (HQPDU) for subsequent custody reviews. See generally 8 CFR § 1241.4. For aliens who are subject to Zadvydas, ICE

IS INSTRUCTED TO RELEASE THE ALIEN IF THERE IS NO SIGNIFICANT LIKELY REMOVAL IN THE REASONABLY FORESEEABLE FUTURE, ABSENT SPECIAL CIRCUMSTANCES JUSTIFYING CONTINUED DETENTION. 8 CFR § 1241.13(g)(1).

THE UNITED STATES SUPREME COURTS DECISION IN ZADVYDAS V. DAVIS REQUIRES PETITIONER'S RELEASE FROM ICE CUSTODY

BECAUSE ICE CANNOT EXECUTE PETITIONER'S REMOVAL ORDER WITHIN THE REASONABLY FORESEEABLE FUTURE, THERE IS NO STATUTORY AUTHORITY FOR ICE TO DETAIN HIM. WHILE THE RELEVANT STATUTE, 8 USC § 1231(a), authorizes the attorney General to detain aliens for the ninety-day removal period, "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 121 S.Ct. at 2503.

IN ITS DECISION IN ZADVYDAS, THE SUPREME COURT SETS FORTH THE STANDARD FOR THE HABEAS COURT TO APPLY IN REVIEWING THE LAWFULNESS OF DETENTION UNDER 8 USC § 1231(a)(6):

THE COURT MUST ASK WHETHER THE DETENTION IN QUESTION EXCEEDS A PERIOD REASONABLY NECESSARY TO SECURE REMOVAL, IT SHOULD MEASURE REASONABLENESS PRIMARILY IN TERMS OF THE STATUTE'S BASIC PURPOSE, NAMELY ASSURING THE ALIENS PRESENCE AT THE MOMENT OF REMOVAL. THUS IF REMOVAL IS NOT REASONABLY FORESEEABLE, THE COURT SHOULD HOLD

continued detention unreasonable and no longer authorized by statute. Zadvydas, 121 S-Ct at 2504.

In the present case, the ninety-day statutory removal period expired 05/14/05, and the presumptive six months period given to ICE for removal under 8 CFR § 241.13(b)(2)(ii) ended on August 14, 2005. About the expiration of the six months, ICE issued a review falsely stating that petition will be removed in September, its been month now, since ICE claimed to have petitioner travelling document, trying to prevent petitioner from peti seeking judicial review. See Exhibit.

Petitioner has sought judicial review from this court, and this court has issued an order for the respondent to respond within 20 days from the date of the order of August 23, 2005.

Four days to the expiration of the 20 days, the respondent has filed a motion dated 9-7-05, asking this court to dismiss as petitioner is scheduled to be removed on October 5, 2005.

Petitioner has been scheduled before for removal in August, and latest for September see exhibit, but the truth of the matter is, petitioner cannot be returned to Sierra Leone because the respondent has recognized petitioner as a refugee and granted him asylum, thus, no travelling document is issued

8  05CV11724-NG

Thus, his removal is not reasonably foreseeable now or in the future. Under these circumstances, ICE may no longer continue to hold petitioner in detention. ICE has been scheduling petitioners removal since April 2005. Petitioner should be immediately release to seek medical treatment to stop his deteriorating health resulting in death by the respondent.

Petitioner has exhausted all available administrative remedies to the extent required by law.

The petitioner has taken all reasonable steps to exhaust his administrative remedies. He has patiently waited for over 4 years now asking for release, the respondent is in possession of all documents pertaining to my case, and there is no controversy that petition was granted asylum by the United States, which is the same reason preventing my removal.

The last review petitioner received promised his removal in September, but since the country will not issue any travelling document, petitioners removal is not foreseeable now or in the future, there is no appeal available from an ICE custody review decision, and ICE is not ~~~~.

CONCLUSION

The petitioner has been unlawfully detained by the

respondents since 05/14/05, and petitioner needs immediate pulmonary help ~~yesterday~~ since yesterday, petitioners country will not issue any document for petitioner as the respondent has recognized him as a refugee.

Petitioner respectfully requests that this court take notice of the fact that his case is directly governed by Zadvydas and order petitioners' immediate release from detention to seek medical help immediately.

Respectfully Submitted 12th September, 2005.

John Conteh, pro se.
PCCF,
26 Long Pond Road,
Plymouth, MA. 02360

[signature]

Copy mailed to:
Frank Crowley,
Special Assistant U.S. Attorney,
DOHS
P.O. Box 8728
JFK Station
Boston, MA. 02114
By placing a copy in the mail at the detention facility where I am detained.

**ATTACHMENT A**

Office of Detention and Removal Operations
New England Field Office

U.S. Department of Homeland Security
Room 1775 JFK Federal Bldg.
Boston, Ma. 02203



U.S. Immigration and Customs Enforcement

CONTEH, JOHN A73630730
C/O PLYMOUTH COUNTY HofC

## Notice Pursuant to 8 CFR 241.4(g)(4)

This letter is to inform you that, pursuant to 8 CFR 241.4(g)(4), U.S. Immigration and Customs Enforcement (ICE) will not conduct a custody review at this time. ICE is in possession of a travel document to effect your removal and expects this to occur in September of 2005 You will remain in custody pending your removal.

You are advised that any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

Bruce E. Chadbourne
Field Office Director

DATE __08-10-05__